**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

**THE PACID GROUP, LLC**

Plaintiff,

**v.**

1. **ASUSTEK COMPUTER INC.**
2. **ASUS COMPUTER INTERNATIONAL**
3. **SAMSUNG ELECTRONICS CO., LTD.**
4. **SAMSUNG ELECTRONICS AMERICA, INC.**
5. **SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**
6. **SONY CORPORATION**
7. **SONY CORPORATION OF AMERICA**
8. **SONY ELECTRONICS INC.**
9. **SONY COMPUTER ENTERTAINMENT AMERICA INC.**
10. **SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC.**
11. **FUJITSU LIMITED**
12. **FUJITSU AMERICA, INC.**
13. **FUJITSU COMPONENTS AMERICA, INC.**
14. **LG ELECTRONICS**
15. **LG ELECTRONICS U.S.A., INC.**
16. **LG ELECTRONICS MOBILECOMM U.S.A., INC.**
17. **GIGABYTE TECHNOLOGY CO., LTD**
18. **G.B.T. INC.**
19. **MICRO-STAR INTERNATIONAL CO., LTD.**
20. **MSI COMPUTER CORP.**
21. **MOTOROLA, INC.**
22. **RESEARCH IN MOTION LIMITED**
23. **RESEARCH IN MOTION CORPORATION**
24. **NIKON CORPORATION**
25. **NIKON INC.**
26. **NIKON AMERICAS INC.**
27. **MICROSOFT CORPORATION**
28. **NINTENDO COMPANY, LTD.**
29. **NINTENDO OF AMERICA INC.**
30. **HTC CORPORATION**

**Civil Action No.**

**JURY TRIAL DEMANDED**

**31. HTC AMERICA, INC.**
**32. PALM, INC.**

Defendants.

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff, The PACid Group, LLC, complains against the Defendants ASUSTek Computer Inc.; ASUS Computer International; Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America, LLC; Sony Corporation; Sony Corporation of America; Sony Electronics Inc.; Sony Computer Entertainment America Inc.; Sony Ericsson Mobile Communications (USA) Inc.; Fujitsu Limited; Fujitsu America, Inc.; Fujitsu Components America, Inc.; LG Electronics; LG Electronics U.S.A., Inc.; LG Electronics Mobilecomm U.S.A. Inc.; Gigabyte Technology Co., Ltd; G.B.T. Inc.; Micro-Star International Co., Ltd.; MSI Computer Corp.; Motorola, Inc.; Research in Motion Limited; Research in Motion Corporation; Nikon Corporation; Nikon Inc.; Nikon Americas Inc.; Microsoft Corporation; Nintendo Company, Ltd.; Nintendo of America Inc.; HTC Corporation; HTC America, Inc.; and Palm, Inc. (collectively the "Defendants"), as follows:

### PARTIES

1.  The PACid Group, LLC ("PACid") is a Texas limited liability company with its principal place of business at Energy Center, 719 West Front Street, Suite 174, Tyler, Texas 75702-7965.

2.  On information and belief, Defendant ASUSTeK Computer Inc. is a Taiwan corporation with its principal place of business at 4F, 150, Li-Te Road, Beitou District, Taipei

City, Taiwan. ASUSTeK Computer Inc. may be served at 4F, 150, Li-Te Road, Beitou District, Taipei City, Taiwan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

3. On information and belief, Defendant ASUS Computer International is a California Corporation with its principal place of business at 800 Corporate Way, Fremont, CA 94539. ASUS Computer International has appointed Godwin Yan, 800 Corporate Way, Fremont, CA 94539 as its agent for service of process.

4. On information and belief, Defendant Samsung Electronics Co., Ltd. is a Korea corporation with its principal place of business at Samsung Electronics Bldg., 1320-10, Seocho 2-dong, Seocho-gu, Seoul 137-857, Korea. Samsung Electronics Co., Ltd. may be served at Samsung Electronics Bldg., 1320-10, Seocho 2-dong, Seocho-gu, Seoul 137-857, Korea via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

5. On information and belief, Defendant Samsung Electronics America, Inc. is a New York corporation with its principal place of business at 105 Challenger Rd, Ridgefield Park, NJ 07660. Samsung Electronics America, Inc. has appointed C T Corporation System, 111 Eight Avenue, New York, NY 10011 as its agent for service of process.

6. On information and belief, Defendant Samsung Telecommunications America, LLC is a Delaware corporation with its principal place of business at 1301 E. Lookout Drive, Richardson, Texas 75082. Samsung Telecommunications America, LLC has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

7.     On information and belief, Defendant Sony Corporation is a Japan corporation with its principal place of business at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan.  Sony Corporation may be served at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

8.     On information and belief, Defendant Sony Corporation of America is a New York corporation with its principal place of business at C/O SCA Legal Dept., 550 Madison Ave 27th Floor, New York, NY 10022.  Sony Corporation of America has appointed Corporation Service Company, which will do business in California as CSC – Lawyers Incorporating Service, 2730 Gateway Oaks Dr., Ste. 100, Sacramento, CA 95833 as its agent for service of process.

9.     On information and belief, Defendant Sony Electronics Inc. is a Delaware corporation with its principal place of business at 16530 Via Esprillo, San Diego, CA 92127. Sony Electronics Inc. has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

10.    On information and belief, Defendant Sony Computer Entertainment America Inc. is a Delaware corporation with its principal place of business at 919 E. Hillsdale Blvd. 2nd Floor, Legal Department, Foster City, CA 94404.  Sony Computer Entertainment America Inc. has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

11.    On information and belief, Defendant Sony Ericsson Mobile Communications (USA) Inc. is a Delaware corporation with its principal place of business at 7001 Development Drive, Research Triangle Park, NC 27709.  Sony Ericsson Mobile Communications (USA) Inc.

has appointed Capitol Services, Inc., 615 South Dupont Highway, Dover, DE 19901 as its agent for service of process.

12.     On information and belief, Fujitsu Limted is a Japan corporation with its principal place of business at Shiodome City Center 1-5-2 Higashi-Shimbashi, Minato-ku, Tokyo 105-7123, Japan.  Fujitsu Limted may be served at 4F, 150, Li-Te Road, Beitou District, Taipei City, Taiwan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

13.     On information and belief, Defendant Fujitsu America, Inc. is a California corporation with its principal place of business at 1250 E Arques Ave M/S 124, Entity City, Sunnyvale, CA 94084.  Fujitsu America, Inc. has appointed C T Corporation System, 818 West Seventh Street, Los Angeles, CA 90017 as its agent for service of process.

14.     On information and belief, Defendant Fujitsu Components America, Inc. is an Illinois corporation with its principal place of business at 1250 E Arques Ave M/S 124 Entity City, Sunnyvale, CA 94084.  Fujitsu Components America, Inc. has appointed C T Corporation System, 818 West Seventh Street, Los Angeles, CA 90017 as its agent for service of process.

15.     On information and belief, LG Electronics is a Korea corporation with its principal place of business at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, Korea.  LG Electronics may be served at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, Korea via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

16.     On information and belief, Defendant LG Electronics U.S.A., Inc. is a Delaware corporation with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, NJ

07632.  LG Electronics U.S.A., Inc. has appointed United States Corporation Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

17.     On information and belief, Defendant LG Electronics Mobilecomm U.S.A., Inc. is a California corporation with its principal place of business at 920 Sylvan Avenue, Englewood Cliffs, NJ 07632.  LG Electronics Mobilecomm U.S.A., Inc. has appointed Alan K Tse, 10101 Old Grove Rd., San Diego, CA 92131 as its agent for service of process.

18.     On information and belief, Gigabyte Technology Co., Ltd is a Taiwan corporation with its principal place of business at No.6, Bau Chiang Road, Hsin-Tien, Taipei 231, Taiwan. Gigabyte Technology Co., Ltd may be served at No.6, Bau Chiang Road, Hsin-Tien, Taipei 231, Taiwan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

19.     On information and belief, Defendant G.B.T. Inc. is a California corporation with its principal place of business at 17358 Railroad St., City of Industry, CA 91748.  G.B.T. Inc. has appointed Eric C Lu, 901 17358 Railroad St., City of Industry, CA 91748 as its agent for service of process.

20.     On information and belief, Micro-Star International Co., Ltd. is a Taiwan corporation with its principal place of business at No. 69, Li-De St., Jung-He City, Taipei Hsien, Taiwan.  Micro-Star International Co., Ltd. may be served at No. 69, Li-De St., Jung-He City, Taipei Hsien, Taiwan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

21.     On information and belief, Defendant MSI Computer Corp. is a California corporation with its principal place of business at 901 Canada Ct., City of Industry, CA 91748.

MSI Computer Corp. has appointed Yu Chuan Wang, 901 Canada Ct., City of Industry, CA 91748 as its agent for service of process.

22.     On information and belief, Motorola, Inc. is a Delaware corporation with its principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196. Motorola, Inc. has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

23.     On information and belief, Research in Motion Limited is a Canada corporation with its principal place of business at 295 Phillip Street, Waterloo, Ontario N2L 3W8, Canada. Research in Motion Limited may be served at 295 Phillip Street, Waterloo, Ontario N2L 3W8, Canada via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

24.     On information and belief, Defendant Research in Motion Corporation is a Delaware corporation with its principal place of business at 122 W. John Carpenter Fwy., Irving, TX 75039.   Research in Motion Corporation has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

25.     On information and belief, Nikon Corporation is a Japan corporation with its principal place of business at Fuji Bldg., 2-3 Marunouchi 3-chome, Chiyoda-ku, Tokyo 100-8-331, Japan.   Nikon Corporation may be served at Fuji Bldg., 2-3 Marunouchi 3-chome, Chiyoda-ku, Tokyo 100-8-331, Japan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

26.     On information and belief, Defendant Nikon Inc. is a New York corporation with its principal place of business at 1300 Walt Whitman Rd., Melville, NY 11747.   Nikon Inc. has

appointed C T Corporation System, 818 West Seventh Street, Los Angeles, CA 90017 as its agent for service of process.

27.     On information and belief, Defendant Nikon Americas Inc. is a Delaware corporation with its principal place of business at 1300 Walt Whitman Rd., Melville, NY 11747. Nikon Americas Inc. has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

28.     On information and belief, Defendant Microsoft Corporation is a Washington corporation with its principal place of business at One Microsoft Way, Legal Dept. Bldg. 8, Redmond, WA 98052.  Microsoft Corporation has appointed PTSGE Corp, 925 Fourth Avenue Ste 2900, Seattle, WA 98104 as its agent for service of process.

29.     On information and belief, Nintendo Company, Ltd. is a Japan corporation with its principal place of business at 11-1 Kamitoba Hokotate-cho, Minami-ku, Kyoto 601-8-501, Japan.  Nintendo Company, Ltd. may be served at 11-1 Kamitoba Hokotate-cho, Minami-ku, Kyoto 601-8-501, Japan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

30.     On information and belief, Defendant Nintendo of America Inc. is a Washington corporation with its principal place of business at 4900 150th Avenue Northeast, Redmond, WA 98052.  Nintendo of America Inc. has appointed C T Corporation System, 1801 W. Bay Dr. NW Ste. 206, Olympia, WA 98502 as its agent for service of process.

31.     On information and belief, HTC Corporation is a Taiwan corporation with its principal place of business at 23 Xinghua Rd. Taoyuan 330, Taiwan, R.O.C.  HTC Corporation may be served at 23 Xinghua Rd. Taoyuan 330, Taiwan, R.O.C. via an officer, a managing or

general agent, or any other agent authorized by appointment or by law to receive service of process.

32.     On information and belief, Defendant HTC America, Inc. is a Texas corporation with its principal place of business at 5950 Corporate Dr., Houston, TX 77036.  HTC America, Inc. has appointed National Registered Agents Inc, 1780 Barnes Blvd. SW Bldg. G, Tumwater, WA 98512 as its agent for service of process.

33.     On information and belief, Defendant Palm, Inc. is a Delaware corporation with its principal place of business at 950 W. Maude Ave., Sunnyvale, CA 94085.  Palm, Inc. has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

## JURISDICTION AND VENUE

34.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

35.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

36.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,963,646

37.     PACid is the owner by assignment of United States Patent No. 5,963,646 ("the '646 Patent") entitled "Secure Deterministic Encryption, Key Generator System and Method." The '646 Patent issued on October 5, 1999. A true and correct copy of the '646 Patent is attached as Exhibit A.

38.     Guy Fielder and Paul Alito are the named inventors on the '646 Patent.

39.     Upon information and belief, Defendant ASUSTeK Computer Inc. has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain ASUSTeK Computer Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain ASUSTeK Computer Inc. products, such as the wireless router RT-N16, the notebook computer B50A, and the netbook Eee PC 1201N, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant ASUSTeK Computer Inc. Defendant ASUSTeK Computer Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

40.     Upon information and belief, Defendant ASUS Computer International has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement ofinfringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain ASUS Computer International products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain ASUS Computer International products, such as the wireless router RT-N16, the notebook computer B50A, and the netbook Eee PC 1201N, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant ASUS Computer International. Defendant ASUS Computer International is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

41.     Upon information and belief, Defendant Samsung Electronics Co., Ltd. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Samsung Electronics Co., Ltd. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Samsung Electronics Co., Ltd. Products, such as the wireless adapter WIS09 ABGN, the notebook computer R780-RED,

the mobile phone SGH-i627, and the printer CLP-315W, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Samsung Electronics Co., Ltd. Defendant Samsung Electronics Co., Ltd. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

42.     Upon information and belief, Defendant Samsung Electronics America, Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Samsung Electronics America, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Samsung Electronics America, Inc. products, such as the wireless adapter WIS09 ABGN, the notebook computer R780-RED, the mobile phone SGH-i627, and the printer CLP-315W, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Samsung Electronics

America, Inc. Defendant Samsung Electronics America, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

43.     Upon information and belief, Defendant Samsung Telecommunications America, LLC has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Samsung Telecommunications America, LLC products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Samsung Telecommunications America, LLC products, such as the mobile phone SGH-i627 and the wireless access point SMT-R2000, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Samsung Telecommunications America, LLC. Defendant Samsung Telecommunications America, LLC is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

44.     Upon information and belief, Defendant Sony Corporation has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Sony Corporation products employing methods for

generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Sony Corporation products, such as the notebook computer VPCY118GX/BI, the digital camera DSC-G3, the Blu-ray disc player BDP-S1000ES, and the portable media player NWZ-X1061GBSMP, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Sony Corporation. Defendant Sony Corporation is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

45.     Upon information and belief, Defendant Sony Corporation of America has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Sony Corporation of America products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Sony Corporation of America products, such as the notebook computer VPCY118GX/BI, the digital camera DSC-G3, the Blu-ray disc player BDP-S1000ES, and the portable media player NWZ-X1061GBSMP, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by

the hardware/software made, used, sold and/or offered for sale by Defendant Sony Corporation of America. Defendant Sony Corporation of America is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

46.     Upon information and belief, Defendant Sony Electronics Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Sony Electronics Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Sony Electronics Inc. products, such as the notebook computer VPCY118GX/BI, the digital camera DSC-G3, the Blu-ray disc player BDP-S1000ES, and the portable media player NWZ-X1061GBSMP, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Sony Electronics Inc. Defendant Sony Electronics Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

47.     Upon information and belief, Defendant Sony Computer Entertainment Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things,

making, using, importing, selling or offering to sell certain Sony Computer Entertainment Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Sony Computer Entertainment Inc. products, such as the PlayStation 3 home game console, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Sony Computer Entertainment Inc. Defendant Sony Computer Entertainment Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

48.     Upon information and belief, Defendant Sony Ericsson Mobile Communications (USA) Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Sony Ericsson Mobile Communications (USA) Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Sony Ericsson Mobile Communications (USA) Inc. products, such as the mobile phone AINOU10a, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data

transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Sony Ericsson Mobile Communications (USA) Inc. Defendant Sony Ericsson Mobile Communications (USA) Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

49.     Upon information and belief, Defendant Fujitsu Limited has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Fujitsu Limited products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Fujitsu Limited products, such as the notebook computer S710, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Fujitsu Limited. Defendant Fujitsu Limited is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

50.     Upon information and belief, Defendant Fujitsu America, Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Fujitsu America, Inc. products employing methods

for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Fujitsu America, Inc. products, such as the notebook computer S710, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Fujitsu America, Inc. Defendant Fujitsu America, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

51.     Upon information and belief, Defendant Fujitsu Components America, Inc. has been and now is infringingdirectly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Fujitsu Components America, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Fujitsu Components America, Inc. products, such as the wireless local area network module MBH7WLZ16, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by

Defendant Fujitsu Components America, Inc. Defendant Fujitsu Components America, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

52.      Upon information and belief, Defendant LG Electronics has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain LG Electronics products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain LG Electronics products, such as the netbook computer LGX120, the mobile phone eXpo Gw820, and the Blu-ray disc player BD590, , such as the netbook computer LGX120, the mobile phone eXpo Gw820, and the Blu-ray disc player BD590, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Fujitsu LG Electronics. Defendant LG Electronics is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

53.      Upon information and belief, Defendant LG Electronics U.S.A., Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain LG Electronics U.S.A., Inc. products employing

methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain LG Electronics U.S.A., Inc. products, such as the netbook computer LGX120, the mobile phone eXpo Gw820, and the Blu-ray disc player BD590,, such as the netbook computer LGX120, the mobile phone eXpo Gw820, and the Blu-ray disc player BD590, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant LG Electronics U.S.A., Inc. Defendant LG Electronics U.S.A., Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

54.     Upon information and belief, Defendant LG Electronics Mobilecomm U.S.A., Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain LG Electronics Mobilecomm U.S.A., Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain LG Electronics Mobilecomm U.S.A., Inc. products, such as the mobile phone eXpo Gw820, , such as the mobile phone eXpo Gw820, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data

transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant LG Electronics Mobilecomm U.S.A., Inc. Defendant LG Electronics Mobilecomm U.S.A., Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

55.     Upon information and belief, Defendant Gigabyte Technology Co., Ltd has been and now is infringingdirectly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Gigabyte Technology Co., Ltd products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Gigabyte Technology Co., Ltd products, such as the notebook computer I1320, the router GN-BR30N-RH, and the wireless netbook adapter GN-WMKG, , such as the notebook computer I1320, the router GN-BR30N-RH, and the wireless netbook adapter GN-WMKG, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Gigabyte Technology Co., Ltd. Defendant Gigabyte Technology Co., Ltd is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

56.     Upon information and belief, Defendant G.B.T. Inc. has been and now is infringing  directly  and  jointly  infringing,  and  indirectly  infringing  by  way  of  inducing

infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain G.B.T. Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain G.B.T. Inc. products, such as the notebook computer I1320, the router GN-BR30N-RH, and the wireless netbook adapter GN-WMKG, , such as the notebook computer I1320, the router GN-BR30N-RH, and the wireless netbook adapter GN-WMKG, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant G.B.T. Inc. Defendant G.B.T. Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

57.     Upon information and belief, Defendant Micro-Star International Co., Ltd. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Micro-Star International Co., Ltd. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Micro-Star International Co., Ltd. Products, such as the notebook computer 9S7-17364A-027, , certain Micro-Star International Co., Ltd. Products, such as the notebook computer 9S7-17364A-027,

the router RG70A, and the universal serial bus adapter US70A, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Micro-Star International Co., Ltd. Defendant Micro-Star International Co., Ltd. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

58.     Upon information and belief, Defendant MSI Computer Corp. has been and now is infringingdirectly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain MSI Computer Corp. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain MSI Computer Corp. products, such as the notebook computer 9S7-17364A-027,, such as the notebook computer 9S7-17364A-027, the router RG70A, and the universal serial bus adapter US70A, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant MSI Computer Corp. Defendant MSI Computer Corp. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

59.     Upon information and belief, Defendant Motorola, Inc. has been and now is infringingdirectly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Motorola, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Motorola, Inc. products, such as the Droid mobile phone and the wireless network adapter TER-GCBA2-N1,, such as the Droid mobile phone and the wireless network adapter TER-GCBA2-N1, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Motorola, Inc. Defendant Motorola, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

60.     Upon information and belief, Defendant Research in Motion Limited has been and now is infringingdirectly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Research in Motion Limited products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Research in Motion Limited products, such as the Blackberry Bold 9700 smartphone, , such as the Blackberry Bold

9700 smartphone, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Research in Motion Limited. Defendant Research in Motion Limited is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

61.    Upon information and belief, Defendant Research in Motion Corporation has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Research in Motion Corporation products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Research in Motion Corporation products, such as the Blackberry Bold 9700 smartphone, , such as the Blackberry Bold 9700 smartphone, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Research in Motion Corporation. Defendant Research in Motion Corporation is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

62.     Upon information and belief, Defendant Nikon Corporation has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Nikon Corporation products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Nikon Corporation products, such as the Nikon COOLPIX P1 digital camera and the WT-4A Wireless Transmitter,, such as the Nikon COOLPIX P1 digital camera and the WT-4A Wireless Transmitter, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Nikon Corporation. Defendant Nikon Corporation is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

63.     Upon information and belief, Defendant Nikon Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Nikon Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Nikon Inc. products, such as the Nikon COOLPIX P1 digital camera and the WT-4A Wireless Transmitter,, such as the Nikon

COOLPIX P1 digital camera and the WT-4A Wireless Transmitter, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Nikon Inc. Defendant Nikon Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

64.     Upon information and belief, Defendant Nikon Americas Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Nikon Americas Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Nikon Americas Inc. products, such as the Nikon COOLPIX P1 digital camera and the WT-4A Wireless Transmitter,, such as the Nikon COOLPIX P1 digital camera and the WT-4A Wireless Transmitter, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Nikon Americas Inc. Defendant Nikon Americas Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

65.     Upon information and belief, Defendant Microsoft Corporation has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Microsoft Corporation products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Microsoft Corporation products, such as the Zune HD 16 portable media player and the Xbox 360 Wireless Networking Adapter,, such as the Zune HD 16 portable media player and the Xbox 360 Wireless Networking Adapter, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Microsoft Corporation. Defendant Microsoft Corporation is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

66.     Upon information and belief, Defendant Nintendo Company, Ltd. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Nintendo Company, Ltd. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Nintendo Company, Ltd.

Products, such as the Nintendo Wii home game console and the Nintendo DS handheld game console,, such as the Nintendo Wii home game console and the Nintendo DS handheld game console, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Nintendo Company, Ltd. Defendant Nintendo Company, Ltd. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

67.     Upon information and belief, Defendant Nintendo of America Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Nintendo of America Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Nintendo of America Inc. products, such as the Nintendo Wii home game console and the Nintendo DS handheld game console, , such as the Nintendo Wii home game console and the Nintendo DS handheld game console, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant

Nintendo of America Inc. Defendant Nintendo of America Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

68. Upon information and belief, Defendant HTC Corporation has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain HTC Corporation products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain HTC Corporation products, such as the HD2 mobile phone,, such as the HD2 mobile phone, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant HTC Corporation. Defendant HTC Corporation is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

69. Upon information and belief, Defendant HTC America, Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain HTC America, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain HTC America, Inc. products, such as

the HD2 mobile phone,, such as the HD2 mobile phone, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant HTC America, Inc. Defendant HTC America, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

70.     Upon information and belief, Defendant Palm, Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Palm, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Palm, Inc. products, such as the Palm Pre mobile phone, , such as the Palm Pre mobile phone, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Palm, Inc. Defendant Palm, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,049,612

71.    PACid is the owner by assignment of United States Patent No. 6,049,612 ("the '612 Patent") entitled "File Encryption Method and System." The '612 Patent issued on April 11, 2000. A true and correct copy of the '612 Patent is attached as Exhibit B.

72.    Guy Fielder and Paul Alito are the named inventors on the '612 Patent.

73.    Upon information and belief, Defendant ASUSTeK Computers Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain ASUSTeK Computers Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain ASUSTeK Computers Inc. products, such as the wireless router RT-N16, the notebook computer B50A, and the netbook Eee PC 1201N, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant ASUSTeK Computers Inc. Defendant ASUSTeK Computers Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

74.    Upon information and belief, Defendant ASUS Computer International has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing

infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain ASUS Computer International products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain ASUS Computer International products, such as the wireless router RT-N16, the notebook computer B50A, and the netbook Eee PC 1201N, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant ASUS Computer International. Defendant ASUS Computer International is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

75.     Upon information and belief, Defendant Samsung Electronics Co., Ltd. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Samsung Electronics Co., Ltd. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Samsung Electronics Co., Ltd. products, such as the wireless adapter WIS09 ABGN, the notebook computer R780-RED,

the mobile phone SGH-i627, and the printer CLP-315W, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Samsung Electronics Co., Ltd. Defendant Samsung Electronics Co., Ltd. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

76.     Upon information and belief, Defendant Samsung Electronics America, Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Samsung Electronics America, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Samsung Electronics America, Inc. products, such as the wireless adapter WIS09 ABGN, the notebook computer R780-RED, the mobile phone SGH-i627, and the printer CLP-315W, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files

and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Samsung Electronics America, Inc. Defendant Samsung Electronics America, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

77.     Upon information and belief, Defendant Samsung Telecommunications America, LLC has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Samsung Telecommunications America, LLC products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Samsung Telecommunications America, LLC products, such as the mobile phone SGH-i627 and the wireless access point SMT-R2000, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Samsung Telecommunications America, LLC. Defendant Samsung Telecommunications America, LLC is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

78.     Upon information and belief, Defendant Sony Corporation has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Sony Corporation products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Sony Corporation products, such as the notebook computer VPCY118GX/BI, the digital camera DSC-G3, the Blu-ray disc player BDP-S1000ES, and the portable media player NWZ-X1061GBSMP, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Sony Corporation. Defendant Sony Corporation is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

79.     Upon information and belief, Defendant Sony Corporation of America has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Sony Corporation of America products employing methods for protecting information files from unauthorized access covered by one or more

claims of the '612 Patent to the injury of PACid. For example, certain Sony Corporation of America products, such as the notebook computer VPCY118GX/BI, the digital camera DSC-G3, the Blu-ray disc player BDP-S1000ES, and the portable media player NWZ-X1061GBSMP, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Sony Corporation of America. Defendant Sony Corporation of America is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

80.     Upon information and belief, Defendant Sony Electronics Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Sony Electronics Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Sony Electronics Inc. products, such as the notebook computer VPCY118GX/BI, the digital camera DSC-G3, the Blu-ray disc player BDP-S1000ES, and the portable media player NWZ-X1061GBSMP, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the

shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Sony Electronics Inc. Defendant Sony Electronics Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

81.     Upon information and belief, Defendant Sony Computer Entertainment America Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Sony Computer Entertainment America Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Sony Computer Entertainment America Inc. products, such as the PlayStation 3 home game console,  include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Sony Computer Entertainment America Inc. Defendant Sony Computer Entertainment America Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

82.     Upon information and belief, Defendant Sony Ericsson Mobile Communications (USA) Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Sony Ericsson Mobile Communications (USA) Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Sony Ericsson Mobile Communications (USA) Inc. products, such as the mobile phone AINOU10a, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Sony Ericsson Mobile Communications (USA) Inc. Defendant Sony Ericsson Mobile Communications (USA) Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

83.     Upon information and belief, Defendant Fujitsu Limited has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Fujitsu Limited products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612

Patent to the injury of PACid. For example, certain Fujitsu Limited products, such as the notebook computer S710, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Fujitsu Limited. Defendant Fujitsu Limited is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

84.     Upon information and belief, Defendant Fujitsu America, Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Fujitsu America, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Fujitsu America, Inc. products, such as the notebook computer S710, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are

enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Fujitsu America, Inc. Defendant Fujitsu America, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

85.     Upon information and belief, Defendant Fujitsu Components America, Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Fujitsu Components America, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Fujitsu Components America, Inc. products, such as the wireless local area network module MBH7WLZ16, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Fujitsu Components America, Inc. Defendant Fujitsu Components America, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

86.     Upon information and belief, Defendant LG Electronics has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in

this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain LG Electronics products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain LG Electronics products, such as the netbook computer LGX120, the mobile phone eXpo Gw820, and the Blu-ray disc player BD590,  include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant LG Electronics. Defendant LG Electronics is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

87.     Upon information and belief, Defendant LG Electronics U.S.A., Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain LG Electronics U.S.A., Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain LG Electronics U.S.A., Inc. products, such as the netbook computer LGX120, the mobile phone eXpo Gw820, and the Blu-ray disc player BD590,  include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence,

and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant LG Electronics U.S.A., Inc. Defendant LG Electronics U.S.A., Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

88.     Upon information and belief, Defendant LG Electronics Mobilecomm U.S.A., Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain LG Electronics Mobilecomm U.S.A., Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain LG Electronics Mobilecomm U.S.A., Inc. products, such as the mobile phone eXpo Gw820, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant LG Electronics

Mobilecomm U.S.A., Inc. Defendant LG Electronics Mobilecomm U.S.A., Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

89.     Upon information and belief, Defendant Gigabyte Technology Co., Ltd. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Gigabyte Technology Co., Ltd. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Gigabyte Technology Co., Ltd. products, such as the notebook computer I1320, the router GN-BR30N-RH, and the wireless netbook adapter GN-WMKG, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Gigabyte Technology Co., Ltd. Defendant Gigabyte Technology Co., Ltd. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

90.     Upon information and belief, Defendant G.B.T. Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using,

importing, selling or offering to sell certain G.B.T. Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain G.B.T. Inc. products, such as the notebook computer I1320, the router GN-BR30N-RH, and the wireless netbook adapter GN-WMKG, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant G.B.T. Inc. Defendant G.B.T. Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

91.     Upon information and belief, Defendant Micro-Star International Co., Ltd. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Micro-Star International Co., Ltd. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Micro-Star International Co., Ltd. products, such as the notebook computer 9S7-17364A-027, the router RG70A, and the universal serial bus adapter US70A, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to

produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Micro-Star International Co., Ltd. Defendant Micro-Star International Co., Ltd. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

92.     Upon information and belief, Defendant MSI Computer Corp. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain MSI Computer Corp. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain MSI Computer Corp. products, such as the notebook computer 9S7-17364A-027, the router RG70A, and the universal serial bus adapter US70A,  include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant MSI Computer Corp. Defendant MSI Computer Corp. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

93.     Upon information and belief, Defendant Motorola, Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Motorola, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Motorola, Inc. products, such as the Droid mobile phone and the wireless network adapter TER-GCBA2-N1,  include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Motorola, Inc. Defendant Motorola, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

94.     Upon information and belief, Defendant Research in Motion Limited has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Research in Motion Limited products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Research in Motion

Limited products, such as the Blackberry Bold 9700 smartphone, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Research in Motion Limited. Defendant Research in Motion Limited is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

95.     Upon information and belief, Defendant Research in Motion Corporation has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Research in Motion Corporation products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Research in Motion Corporation products, such as the Blackberry Bold 9700 smartphone, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made,

used, sold and/or offered for sale by Defendant Research in Motion Corporation. Defendant Research in Motion Corporation is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

96.     Upon information and belief, Defendant Nikon Corporation has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Nikon Corporation products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Nikon Corporation products, such as the Nikon COOLPIX P1 digital camera and the WT-4A Wireless Transmitter, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Nikon Corporation. Defendant Nikon Corporation is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

97.     Upon information and belief, Defendant Nikon Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using,

importing, selling or offering to sell certain Nikon Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Nikon Inc. products, such as the Nikon COOLPIX P1 digital camera and the WT-4A Wireless Transmitter, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Nikon Inc. Defendant Nikon Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

98.    Upon information and belief, Defendant Nikon Americas Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Nikon Americas Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Nikon Americas Inc. products, such as the Nikon COOLPIX P1 digital camera and the WT-4A Wireless Transmitter, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.

The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Nikon Americas Inc. Defendant Nikon Americas Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

99.     Upon information and belief, Defendant Microsoft Corporation has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Microsoft Corporation products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Microsoft Corporation products, such as the Zune HD 16 portable media player and the Xbox 360 Wireless Networking Adapter, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Microsoft Corporation. Defendant Microsoft Corporation is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

100.     Upon information and belief, Defendant Nintendo Company, Ltd. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing

infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Nintendo Company, Ltd. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Nintendo Company, Ltd. products, such as the Nintendo Wii home game console and the Nintendo DS handheld game console, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Nintendo Company, Ltd. Defendant Nintendo Company, Ltd. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

101.    Upon information and belief, Defendant Nintendo of America Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Nintendo of America Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Nintendo of America Inc. products, such as the Nintendo Wii home game console and the Nintendo DS handheld game

console, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Nintendo of America Inc. Defendant Nintendo of America Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

102.    Upon information and belief, Defendant HTC Corporation has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain HTC Corporation products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain HTC Corporation products, such as the HD2 mobile phone, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant HTC Corporation.

Defendant HTC Corporation is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

103.    Upon information and belief, Defendant HTC America, Inc. has been and now is infringing directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain HTC America, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain HTC America, Inc. products, such as the HD2 mobile phone, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant HTC America, Inc. Defendant HTC America, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

104.    Upon information and belief, Defendant Palm, Inc. has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement ofinfringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Palm, Inc. products employing methods for protecting

information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Palm, Inc. products, such as the Palm Pre mobile phone,  include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Palm, Inc. Defendant Palm, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

105.    On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '646 and/or '612 Patents complied with any such requirements.

106.    To the extent that facts learned in discover show that Defendants' infringement of the '646 and/or '612 Patents is or has been willful, PACid reserves the right to request such a finding at the time of trial.

107.    As a result of these Defendants' infringement of the '646 and/or '612 Patents, PACid has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

108.    Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '646 and/or '612 Patents, PACid will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

Wherefore, PACid respectfully requests that this Court enter:

1. A judgment in favor of PACid that Defendants have infringed, directly, jointly and/or indirectly, by way of inducing and/or contributing to the infringement of the '646 and/or '612 Patents, and that such infringement was willful;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '646 and/or '612 Patents;

3. A judgment and order requiring Defendants to pay PACid its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '646 and/or '612 Patents as provided under 35 U.S.C. § 284;

4. A judgment and order requiring Defendants to pay PACid its damages, enhanced damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '646 and/or '612 Patents;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to PACid its reasonable attorneys' fees; and

6. Any and all other relief to which PACid may show itself to be entitled.

## DEMAND FOR JURY TRIAL

PACid, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

**THE PACID GROUP, LLC.**

Dated: March 26, 2010

By: /s/  Andrew Spangler
Andrew W. Spangler, TX SB # 24041960
Spangler Law PC
208 N. Green Street, Suite 300
Longview, TX 75601
Telephone:   903/753-9300
Facsimile:     903/553-0403
Email: spangler@spanglerlawpc.com

Marc A. Fenster, CA SB # 181067
E-mail: mfenster@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone:   310/826-7474
Facsimile:     310/826-6991

Patrick R. Anderson, MI SB # P68961
E-mail: patrick@prapllc.com
Patrick R. Anderson PLLC
4225 Miller Rd, Bldg. B-9, Suite 358
Flint, MI 48507
Telephone:   517/303-4806
Facsimile:     248/928-9239

**ATTORNEYS FOR PLAINTIFF
THE PACID GROUP, LLC**